# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY LEGION,

       Petitioner,                                                            Case Number: 05-CV-40181
                                                                                    Honorable Paul V. Gadola

v.

KENNETH T. MCKEE,

       Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER CONDITIONALLY GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

Before the Court is Respondent's Motion for Reconsideration of Opinion and Order Conditionally Granting Petitioner's Petition for Writ of Habeas Corpus. (Docket # 27). Petitioner is a state inmate currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. Through counsel, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner challenges his state convictions and sentences for first-degree murder, M.C.L. § 750.316, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b, stemming from the murder of Jamond McIntyre in the early morning hours of January 24, 2001. He was sentenced to life imprisonment.

On July 10, 2007, this Court conditionally granted Petitioner's petition, on the ground that his confrontation rights were violated at his murder trial. Respondent filed a motion for reconsideration on July 12, 2007, due to the shifting jurisprudence involving non-testimonial statements under the confrontation clause. *Davis v. Washington*, 126 S.Ct. 2266 (2006); *United*

*States v. Arnold*, 486 F.3d 177, 192 (6th Cir. 2007). The Court ordered Petitioner to file a response, which was filed on August 3, 2007. In his response, Petitioner is asking the Court to deny Respondent's motion, because at the time his conviction was final *Ohio v. Roberts*, 448 U.S. 56 (1980) was the controlling law regarding the hearsay admission of non-testimonial statements. For the following reasons, the Court will deny Respondent's motion for reconsideration.

## II. Discussion

### A. Motion for Reconsideration

Local Rule 7.1(h) for the Eastern District of Michigan allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.Supp.2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky*, 274 F.Supp.2d 918, 921 (E.D. Mich. 2003).

Here, Respondent's request for reconsideration of the Court's July 10, 2007 Order must fail. Respondent has not identified any palpable defect in the Court's ruling. The Court finds Respondent's argument, that the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004) overruled the case law upon which the Court's opinion granting Petitioner's habeas petition was based, unpersuasive.

First, Respondent's contends that, because *Crawford* was decided before Petitioner's conviction became final, Petitioner is not entitled to relief under the *Roberts* standard.

This Court relied on *Roberts* for its decision to a conditional grant for Petitioner on the basis

that Petitioner's Confrontation Clause rights were violated. In *Roberts*, the Supreme Court held that the Confrontation Clause prohibits the admission of non-testimonial hearsay, unless the declarant is unavailable and the non-testimonial hearsay evidence bears an adequate indicia of reliability. *Id.* at 66. Respondent contends that *Crawford* overruled *Roberts*.

The United States Supreme Court decided *Crawford* approximately twenty-fours years after *Roberts*, and held that the Confrontation Clause bars the admission of testimonial statements made by witnesses out of court unless the declarant is unavailable and the accused has had a previous opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 53-54. However, the Supreme Court in *Crawford* did not address the admission of non-testimonial hearsay, thereby leaving the *Roberts* rule, regarding the admission of non-testimonial hearsay, untouched. Respondent argues that "clearly established law," under § 2254(d)(1), refers to the law at the time a petitioner's conviction becomes final and not the law at the time when the last state court issued its decision on the merits of a petitioner's appeal. Respondent is correct in that statement, but has incorrectly applied the case law and the standard under the AEDPA to which the Court is bound.

On June 10, 2004, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. *People v. Legion*, 470 Mich. 873, 687 N.W.2d 293 (2004). Petitioner then had ninety days from the Michigan Supreme Court's Order denying his application for leave to appeal in which to seek a writ of certiorari with the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13. With regard to the statute of limitations, therefore, Petitioner's convictions became final on September 11, 2004.

On March 8, 2004, the date of the *Crawford* decision, the Supreme Court partly overruled *Roberts*, in regard to testimonial hearsay statement only. In reviewing the rulings of the cases after *Crawford*, the Sixth Circuit in *United States v. Arnold*, 486 F.3d 177 (6th Cir. 2007), observed that "*Crawford* left the question open" as to non-testimonial statements, "and in the absence of direction from the Court, we have continued to apply the *Roberts* test." *Id.* at 192. Accordingly, at the time Petitioner's conviction became final, *Roberts* remained clearly established federal law as to non-testimonial hearsay. *United States v. Johnson*, 440 F.3d 832, 843 (6th Cir. 2006) ("the statements at issue are not testimonial . . . and the rule announced in *Crawford* is inapplicable by its own terms"); *United States v. Gibson*, 409 F.3d 325, 337-338 (6th Cir. 2005) (*Crawford* "did not disturb the rule that nontestimonial statements are constitutionally admissible if they bear independent guarantees of trustworthiness"); *United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005) ("[W]ith respect to non-testimonial hearsay statements, *Roberts* and its progeny remain the controlling precedents"); *See also United States v. Hendricks*, 395 F.3d 173, 179 (3d Cir. 2005); *United States v. Holmes*, 406 F.3d 337, 348 n 14 (5th Cir. 2005); *United States v. Saget*, 377 F.3d 223, 227 (2d Cir. 2004).

Respondent argues that the recent United States Supreme Court's decision in *Davis* controls–by placing non-testimonial statements outside the Confrontation Clause it completely overrules *Roberts*. This Court agrees that the Sixth Circuit, sitting *en banc* in *Arnold* interpreted the *Davis* decision as such. However, *Davis* was decided approximately two years after Petitioner's conviction became final. Thus, although it appears that *Davis* has changed federal law as to the application of the Confrontation Clause to non-testimonial hearsay, it was *Crawford* that did not change the clearly established federal law as to the unreliable, non-testimonial confession that

resulted in Petitioner's conviction in this case. Accordingly, the body of law relied upon by this Court in granting Petitioner habeas relief does in fact support its decision.

The fact that *Davis* changed federal Confrontation Clause law after Petitioner's conviction became final does not change the result. 28 U.S.C. § 2254(d) "sets forth the standard for granting a writ of habeas corpus." *Harris v. Carter*, 337 F.3d 758, 761 (6th Cir. 2003). Relief is warranted if the state court decision "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). The Supreme Court has interpreted that section of the statute to refer to either the law at the time "his state court conviction became final," or "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 390, 412 (2000). In either case here, the applicable law is *Roberts* because the holding in *Davis* as to non-testimonial hearsay, post-dates the Michigan Supreme Court denial of the delayed application for leave to appeal.

Respondent's second argument is that even if Petitioner meets the standard set forth in § 2254(d)(1), he still must meet the standard in § 2254(a), which states, in relevant part:

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Respondent contends that this portion of the statute requires a petitioner to show that not only was the state court's decision contrary to, or involve an unreasonable application of clearly established federal law, but that he or she is being held in violation of the Constitution or laws of the United States as currently understood. It is Respondent's position that because the Supreme Court's recent decision in *Davis* held that the Confrontation Clause is not implicated through the use of non-testimonial hearsay, Petitioner is no longer being held in violation of his

constitutional rights. However, contrary to Respondent's assertion, § 2254(a) does not set up an initial jurisdictional requirement. Rather, that section requires the Court to conduct a causation inquiry to determine whether the state court's violation of clearly established federal law actually contributed to the conviction or the incarceration of a petitioner.

Respondent cites three cases to support its argument. In *Aleman v. Sternes*, 320 F.3d 687 (7th Cir. 2003), the Seventh Circuit held:

> If the state court's opinion was unreasonable–or if the state judiciary did not address the constitutional claim, despite an opportunity to do so–then § 2254(d) no longer applies. A prisoner still must establish § 2254(a), but § 2254(d) no sets the standard and it is

*Id.* at 690. At first blush, this seems to support Respondent's position. However, the Seventh Circuit further explained that "[w]hether a given prisoner's custody violates the Constitution, laws, or treaties of the United States depends, first, on whether all substantive rules have been respected (the merit of the claim) and, second, on whether any error caused the custody." *Id.* That statement contradicts Respondent's position.

Rather, the Seventh Circuit recognized that a habeas court needs to look at whether the constitutional error committed by a state court caused–past tense–a petitioner's custody. It is not the Seventh Circuit's position that a habeas court must examine whether the constitutional error committed by the state court is still considered a constitutional error today. As the Seventh Circuit stated, a habeas court cannot grant a habeas petition unless (1) there was a constitutional violation, § 2254(a), and, (2) that violation was the cause of a petitioner's custody, § 2254(d). Thus, even if a petitioner is in custody and there is a constitutional violation, a habeas court cannot grant the petition unless the constitutional violation caused the custody. Here, Petitioner has satisfied both circumstances.

Similarly, the Fourth Circuit, in *Rose v. Lee*, 252 F.3d 676 (4th Cir. 2001), held that "the proper interpretation of the role of § 2254(d)(1) in habeas corpus review is that it established a threshold by which we determine whether we authorize to issue a writ, but it does not compel the issuance of a writ once the standard set forth therein has been satisfied." *Id.* at 691. In that case, the petitioner asked the court to issue a conditional writ and to remand the case back to state court, because the state court was better suited to apply the ineffective assistance of counsel standard to his claim of error. The state court denied to grant the writ without first deciding if the petitioner's constitutional right to effective assistance of counsel was violated, and thus, whether the petitioner was being held in violation of the Constitution or laws or treaties of the United States. *Id.* at 690. The state court, however, did not find that a district court reviewing a petitioner's claim must decide if the state court committed a constitutional error at the time of trial or whether the state court's decision would still be considered a constitutional error today.

Finally, Respondent cites the following language from the Ninth Circuit:

> [T]o obtain federal habeas relief, a petitioner must show, in addition to a substantive federal constitutional violation, see § 2254(a), either that the state court decision was contrary to *OR* an unreasonable application of clearly established Supreme Court law or that it was based on an unreasonable determination of facts. See § 2254(d).

*Sarausad v. Porter*, 479 F.3d 671, 702 (9th Cir. 2007) (emphasis in original). Respondent continues to argue that this Court must look to the law as now understood. Respondent is misreading and misinterpreting the standards under the AEDPA, by which this Court is bound.

The cases cited by Respondent do draw a distinction between § 2254(a) and § 2254(d), but only to show that the unreasonable application of federal law resulted in custody in violation of the constitution. Here, the Court found that the violation of the confrontation clause outlined by *Roberts*

-7-

resulted in Petitioner's conviction. There is nothing in the text of § 2254(a) that suggests that this Court is required to consider current federal law in this instant. It is Respondent's contention that § 2254(a) establishes a jurisdictional requirement because it allows habeas relief where a petitioner "is in custody in violation of the Constitution or law or treaties of the United States." However, the present tense in § 2254(a) simply establishes a requirement for relief for a prisoner who "is in custody" when he or she petitions for relief, not one who "is in custody" based on current constitutional law. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.").

Nothing in § 2254(a) modifies the clear direction in § 2254(d) that federal courts are to evaluate habeas petitions under the clearly established federal law that existed at the time Petitioner's conviction became final. Petitioner has satisfied § 2254(d) by showing that the Michigan courts reached a decision that was an unreasonable application of *Roberts*. He then satisfied § 2254(a) by showing that this error contributed directly to his incarceration and conviction. On that basis, this Court denies Respondent's motion for reconsideration, as Respondent has not demonstrated a palpable defect in its July 10, 2007 Order. L.R. 7.1(h).

### III. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Respondent's motion for reconsideration [docket entry # 27] is **DENIED**.

**SO ORDERED**.

Dated: September 28, 2007                     s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 1, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                      Brad H. Beaver; Valerie R. Newman                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                           .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                       (810) 341-7845