**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY LEGION,

    Petitioner,                                   Case Number: 05-CV-40181
                                                   Honorable Paul V. Gadola

v.

KENNETH T. MCKEE,

    Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL

On July 10, 2007, this Court issued an order granting Petitioner a conditional writ of habeas corpus. Under the terms of the grant, the State is required to schedule a new trial within 120 days of that order or, if the State does not retry Petitioner within that time, Petitioner may apply for a writ ordering him to be released from custody. On October 23, 2007, the State filed a notice of appeal of this Court's decision . Now, Respondent has filed a Motion for Stay Pending Appeal, arguing that Petitioner should not be released until the Court of Appeals has addressed the merits of the appeal.

A determination of whether Petitioner should be released pending further review is governed by Federal Rule of Appellate Procedure 23(c). The rule provides:

> Release Pending Review of Decision Ordering Release. While a decision ordering the release of a prisoner is under review, the prisoner must-unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). "This rule makes it clear that pending appeal by the custodian of a prisoner who has successfully obtained a writ of habeas corpus the prisoner is presumptively entitled to

release." *United States ex rel. Barnwell v. Rundle*, 461 F.2d 768, 770 (3d Cir. 1972) (cited in *Cagle v. Davis*, 520 F. Supp. 297, 311 (D.C. Tenn. 1980) aff'd, 663 F.2d 1070 (6th Cir. 1981)). *See also Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) (stating "Rule 23(c) undoubtedly creates a presumption of release from custody in such cases. . . .").

The presumption in favor of release is not, however, insurmountable. The presumption "may be overcome if the traditional stay factors tip the balance against it." *Hilton*, 481 U.S. at 777. The stay factors to be considered are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.*

In the instant case, after a full consideration of the factors, the Court finds that Respondent's motion should be granted. With respect to the first factor, the Court assigns no weight to either side of the balance. Although the Court has ruled against Respondent, the Court is cognizant that Respondent has raised several debatable issues. The second factor weighs in favor of Respondent. When considering whether the Respondent will be injured absent a stay, a federal district court may consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. In the present case, Petitioner was sentenced to a term of mandatory life imprisonment following the conviction of first-degree murder; the longest sentence possible for one of the most serious offenses that can be committed. Accordingly, the State has a strong interest in continued incarceration pending a final determination of the case on appeal. *Id.* Similarly, the third and fourth factors weigh

in favor of the State. Although the Court granted the petition for a writ of habeas corpus, Petitioner has never been entitled to unconditional release. Instead, the grant subjected him to continued incarceration until the retrial on state charges. Therefore, Petitioner will suffer minimal harm if the stay is granted. Finally, the public has a significant interest in continued incarceration. Petitioner was convicted of one of the most serious crime under the law. Requiring Petitioner to be released while Respondent seeks a final determination of the case on appeal would go against the strong public interest in protecting society from individuals possibly involved in the commission of first-degree murder.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Respondent's motion for stay pending appeal [docket entry #32] is **GRANTED.**

**SO ORDERED.**

Dated:  November 26, 2007             s/Paul V. Gadola
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  November 26, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Brad H. Beaver; Valerie R. Newman                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                        .

                                                                                                             s/Ruth A. Brissaud
                                                                                                             Ruth A. Brissaud, Case Manager
                                                                                                             (810) 341-7845