# STATE APPELLATE DEFENDER OFFICE

**Main Office**: SUITE 3300 PENOBSCOT • 645 GRISWOLD • DETROIT, MICHIGAN  48226-4281
Phone: 313.256.9833 • Fax: 313.965.0372
CLIENT CALLS 313.256.9822

**JAMES R. NEUHARD**
DIRECTOR

**DAWN VAN HOEK**
CHIEF DEPUTY DIRECTOR
DETROIT/LANSING

**JONATHAN SACKS**
DEPUTY DIRECTOR
DETROIT



**LANSING OFFICE**
101 NORTH WASHINGTON
14TH FLOOR
LANSING, MICHIGAN  48913-0001
Phone: 517.334.6069 · Fax: 517.334.6987

Website: www.sado.org

December 22, 2008

The Honorable Paul Gadola
United States District Court
Eastern District of Michigan

    Re:    *Anthony Legion v. Kenneth McKee*
            4:05-cv-40181-PVG-RSW

Dear Judge Gadola:

      On December 15, 2008, the United States Court of Appeals for the Sixth Circuit remanded *Legion v. McKee* to the district court for further proceedings.  The Sixth Circuit ruled that "[t]he issue raised in this habeas appeal has been conclusively decided by another panel of this court.  *See Desai v. Booker*, 538 F.3d 424 (6th Cir. 2008).  The Opinion and Order of the district court must be, and is, REVERSED on the basis of the *Desai* decision."

      Petitioner now requests that in addition to deciding the outstanding claim of ineffective assistance of counsel, this court resolve and order briefing on the issue of whether co-defendant's unreliable jailhouse confession violates the Due Process Clause of the United States Constitution.  Mr. Legion previously requested consideration of this issue in a response to the state's unsuccessful motion for reconsideration to this court.

      This court held that by permitting admission of co-defendant's confession to a jailhouse informant, the Michigan Court of Appeals made an unreasonable application of Supreme Court Confrontation clause precedent under *Ohio v Roberts*,  448 U.S. 56 (1980).  Specifically, the court stated that "the state appellate court should have had serious concerns with the reliability of Cotton's 'jailhouse confession.'"

      In *Desai*, the Sixth Circuit reversed habeas relief under *Roberts* in another habeas case because a change in Supreme Court law meant that the non-testimonial statement at issue no longer implicated the Confrontation Clause.  In ruling, the *Desai* court acknowledged that petitioner "raised the argument that the introduction of Adams' non-testimonial hearsay statement violates due process, a theory he has yet to exhaust in state court …. The district court

may wish to give him an opportunity to exhaust that claim in the state courts now." *Desai*, 538 F.3d at 431.

Mr. Legion made the identical due process argument in the Sixth Circuit. Unlike the petitioner in *Desai* though, Mr. Legion has exhausted the claim in state court that co-defendant's unreliable confession to a jailhouse informant violates his due process right to a fair trial. In the order granting Mr. Legion's habeas petition, this court quoted the issue as presented in the original state court claim:

> III. The trial judge abused his discretion where he denied the motion for severance where it was based on the admission of a non-testifying co-defendant's alleged statement to a jailhouse informant implicating Mr. Legion and **the error denied Mr. Legion his due process rights to a fair trial**.

This argument meant that Mr. Legion exhausted the claim in state court even though the Michigan Court of Appeals resolved the issue as purely a Confrontation Clause challenge. *Smith v. Digmon*, 434 U.S. 332 (1978). "Phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right" is sufficient to fairly present a claim. *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005).

The Supreme Court has long recognized that constitutional due process rights are implicated where a defendant's fair trial is prejudiced by an unreliable statement, not subject to cross-examination:

> The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.

*Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). Indeed, Mr. Legion cited *Bruton v. United States*, 391 U.S. 123 (1968) in the trial court, Michigan appellate courts, this court, and the Sixth Circuit to argue for the exclusion of co-defendant's unreliable confession to the jailhouse informant. According to *Bruton*, "an important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." 391 U.S. at 131 n.6.

In originally granting the habeas petition, this court made two critical findings: First, that "the state appellate court should have had serious concerns with the reliability of … [co-defendant's] 'jailhouse confession'"; and second, "[w]ithout the alleged confession, Petitioner was implicated only by unreliable and inconsistent identification testimony from a witness that even the police found incredible." Mr. Legion requests that this court again grant the habeas petition because co-defendant's unreliable confession to the jailhouse informant violated his constitutional due process right to a fair trial.

The *Desai* court based it's decision in part on the language of 28 U.S.C. § 2254(a), finding that relief "is available only to state prisoners who currently are being held in violation of an existing constitutional right, not to inmates who at one point might have been able to show that a since-overruled Supreme Court or lower court precedent would have granted them relief." *Desai*, 538 F.3d at 428.  This focus on § 2254(a) is critical, because it is § 2254(d) that conditions habeas relief on a state court decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

Therefore, per *Desai* this court should grant the habeas petition under both § 2254(d) and § 2254(a).  First, as already found by this court, co-defendant's unreliable statement to a jailhouse informant presented an unreasonable application of Confrontation Clause jurisprudence under *Roberts*, contrary to § 2254(d).  Second, the due process violation demonstrates Mr. Legion "*is in custody* in violation of the Constitution or laws or treaties of the United States," in violation of § 2254(a).

The Sixth Circuit suggested that on remand, petitioner in *Desai* have the opportunity to exhaust the due process claim in state courts.  Mr. Legion contends that in remanding to this court for further proceedings instead of offering similar instructions about a remand to state courts, the Sixth Circuit recognized that Mr. Legion already exhausted the due process claim in state court.  Accordingly, this court should grant Mr. Legion's petition based on the due process violation presented by co-defendant's unreliable jailhouse confession.

Petitioner requests first the opportunity to brief the due process claim, and second that this court grant relief based on both the due process claim and the outstanding claim of ineffective assistance of counsel.

        Sincerely,

        s/ Jonathan Sacks  
        State Appellate Defender Office  
        645 Griswold, Suite 3300  
        Detroit, MI 48226  
        313-256-9833  
        jsacks@sado.org  
        (P67389)

cc:    Mr. Brad H. Beaver, Assistant Attorney General  
       Mr. Anthony Legion